**LIVELY v. KETNER et al.　(No. 2387.)**

(Court of Civil Appeals of Texas. Amarillo.
Jan. 7, 1925. Rehearing Denied
· Feb. 4, 1925.)

**I. Appeal and error ⛬930(3)—In absence of exceptions to pleading or evidence, issues of fact, not submitted to jury, presumed properly decided by court.**

In absence of exceptions to pleading or evidence, issues of fact, not submitted to jury for special verdict, are presumed to have been properly decided by court under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985.

**2. Trial ⛬351(2)—In absence of request for affirmative finding of defendant's indebtedness to plaintiff, not error to strike balance due defendant on cross-action.**

Where balance claimed in cross-action is greater than plaintiff's claim, *held* not error to allow jury to strike a balance due defendant, in absence of request for affirmative finding as to amount due plaintiff.

Appeal from District Court, Lynn County; Clark M. Mullican, Judge.

Action by T. H. Lively against J. E. Ketner and another. Judgment on special verdict for defendants, and for defendant T. F. Fields on cross-action, and plaintiff appeals. Affirmed.

Vickers & Campbell, of Lubbock, for appellant.

G. E. Lockhart and · C. H. Cain, both of Tahoka, for appellees.

RANDOLPH, J. Appellant instituted this suit in the district court of Lynn county against T. F. Fields and J. E. Ketner. Appellant was the owner of a tract of land in Lynn county, and he and Fields entered into a contract, the terms of which are in dispute, under which Fields went on the land and assisted in the erection of buildings suitable for his use as a residence and for the operation of the farm, and began farming.

Appellant brings this suit, as stated, against Fields and Ketner—against Fields upon a note for $195, dated September 15, 1922, and due October 31, 1922, with 10 per cent. annual interest from date until paid, and attorney's fees, alleged to have been executed by Fields and payable to appellant's order, and also to foreclose a mortgage upon two mules, of the alleged value of $250, which mortgage was given to secure the payment of said note, and against Ketner for the conversion of those mules, and also for the conversion of two other mules, alleging the value of the last named mules at $400; also for the conversion of twenty head of hogs of the value of $200, and ten tons of maize valued at $100, praying for recovery of the specific property, but, in the event the

property could not be had, then for the value of same.

Defendant answered first by general denial, and defendant Ketner by special answer in confession and avoidance, that it was true that he took possession of the two mules 'he had theretofore sold to the defendant Fields for his use and for the use and benefit of the plaintiff, Lively, and that defendant Fields was then indebted to him in the sum of $125 as purchase money for said mules, and that the pretended mortgage · against said mules was of no force or effect for the reason that defendant Fields was not at the time indebted to Lively, further pleading that he was an innocent purchaser without notice; that Fields had the exclusive control and management of the property of said Lively, and bought and sold property for him, and was authorized by Lively to buy and sell or dispose of all property on Lively's farm; that Fields was indebted to him for goods, wares, and merchandise in the sum of $258; that a great portion of such goods was purchased by Lively, and by his request were charged to the account of Fields, but were in fact bought and used by said Lively for his own use and benefit, the defendant Ketner believing and understanding that Lively and Fields had some kind of partnership between them in connection with the farming enterprise, and pleading the apparent authority of Fields in the various transactions, and that he took two' of the mules of the value of $200 in settlement·of said account.

Defendant Fields, in addition to seeking to recover by cross-action the value of one-half of the crop that had been appropriated by Lively, approximating $1,500, also sought recovery of certain profits alleged in a land transaction, and also $1,000 alleged to have been loaned by him to Lively.

The case was tried before a jury, ·and was submitted to them upon three issues which are as follows:

"Special Issue No. 1. Did Fields have the authority from Lively to sell and dispose of the mules in question? Answer yes or no.

"Special Issue No. 2. What amount, if any, was plaintiff T. H. Lively indebted to defendant T. F. Fields? Answer in dollars and cents.

"If you answer special issue No. 2 that plaintiff, T. H. Lively, is indebted to defendant T. F. Fields, then you need not answer the following question. If your answer indicates that plaintiff, Lively, is not indebted to defendant Fields, then please answer special issue No. 3.

"Special Issue No. 3. ·What amount, if any, is defendant T. F. Fields indebted to plaintiff, T. H. Lively? Answer in dollars and cents."

The jury answered the first special issue in the affirmative, and to the second they answered $1,500, and returned no answer to issue No. 3, and upon these issues and answers the trial court entered judgment that the plaintiff take nothing by his suit against

⛬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Fields and Ketner, and that Fields recover against Lively the $1,500 found by the jury to be due him from Lively.

. We do not feel called on to discuss the testimony here further than to say that there was a very sharp conflict between Fields and Lively as to the matters of indebtedness between them, as to the authority of Fields to act for Lively, and as to the terms of the contract between them.

The appellant has reserved no bills of exception to the exclusion or admission of testimony, neither did he except to the court's general charge, nor tender special issues presenting his theory of the case affirmatively.

Appellant's first proposition asserts that a creditor is entitled to a judgment against his debtor for his debt and for foreclosure of his mortgage lien on the property mortgaged to secure the debt, and against any subsequent purchaser or mortgagee with notice, and that, when Fields executed his note and mortgage, and such mortgage was duly registered, the attempt on the part of Fields to sell and mortgage the property to Ketner could not prevail against appellant's lien.

The second proposition is that the debtor who has so mortgaged his property has no authority to dispose of such mortgaged property to satisfy a debt owing a third party, and that when Fields mortgaged his mules to appellant, and subsequently mortgaged or otherwise disposed of the property to Ketner who had notice thereof, it was erroneous for the trial court to assume that Fields had the authority as agent of Lively to dispose of such property to satisfy an individual debt, and the third proposition is to the effect that the owner of property who loans its use to another, who mortgages or sells it to a third person, can recover the property from such third party or subsequent mortgagee.

[1] The correctness of these propositions depends, first, upon the evidence in the case. In this case the total of the claims of plaintiff set out in his petition amounts to $895. The total of defendant Fields' claim against Lively, independent of claims for profit on land trades, amount to one-half of crop, $1,507, and claim for $1,000 loaned by Fields to Lively, aggregating $2,507. Whether the jury considered the question of land profits is not made to appear by any exception to the pleading or by any exception to the evidence; hence we are compelled to presume that all such issues of fact as were in the case and not submitted to the jury were properly decided by the court. Article 1985, Vernon's Sayles' Ann. Civ. St. 1914; El Paso Electric Ry. Co. v. Carruth (Tex. Civ. App.) 208 S. W. 687.

[2] The appellant complains of the judgment because it is based upon the verdict of the jury to issue No. 2, submitting to them the issue as to the indebtedness of Lively to Fields alone, in the absence of an affirmative finding as to the amount of Fields' indebtedness to Lively. As stated above, the appellant did not submit to the court any written request for the submission of that issue to the jury; hence he cannot complain for the lack of an affirmative finding on that issue. In addition, in the absence of such request, the trial court and jury had the right to offset any debt of plaintiff against the debt of defendant, and to strike a balance in favor of the party whose debt exceeded the other. So far as the record discloses in this case, this is what was apparently done. The court, seeing the excess of the claim of defendant over that of plaintiff, which, if the jury allowed it, would greatly exceed plaintiff's claim, submitted the matter in the form he did. There was no error in this in the absence of a request for an affirmative finding upon the issue of Fields' indebtedness to Lively. Thompson v. Fleming (Tex. Civ. App.) 200 S. W. 1135.

The defendant Ketner testified that a large portion of his bill was bought by Lively personally; hence it devolved on the plaintiff, if he controverted this, to have brought the matter before this court in such a legal form as to enable us to pass upon it.

We have carefully considered the various propositions and assignments of appellant, and what we have said here controls the disposition of the case, and we overrule all assignments and propositions, and affirm the judgment of the trial court.